IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INOVIS USA, INC.,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        C.A. No. 07-459-GMS
                                     )
CLASSIFIED INFORMATION, INC. and     )
DISTANCE DIGITAL CO., LLC,           )
                                     )
                Defendants.          )

**DEFENDANT CLASSIFIED INFORMATION, INC.'S MOTION TO DISMISS COUNT I
OF THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION, AND COUNTS II AND III IN FAVOR OF PLAINTIFF'S
FIRST-FILED ACTION IN THE NORTHERN DISTRICT OF GEORGIA**

Defendant Classified Information, Inc. ("Classified") hereby respectfully moves to

dismiss Count I of the First Amended Complaint (seeking a declaratory judgment of non-

infringement, invalidity, and/or unenforceability of the patent-in-suit in this action) based on a

covenant not to sue offered by Classified that eliminates any actual controversy regarding the

patent-in-suit.

Classified also respectfully moves to dismiss the remaining counts of the First Amended

Complaint (alleging unfair competition under Section 43 of the Lanham Act (Count II) and

tortious interference with business relationships (Count III)) because plaintiff Inovis USA, Inc.

("Inovis") is proceeding in the United States District Court for the Northern District of Georgia

with a first-filed action against Classified in which it raised virtually identical claims.

## I.    STATEMENT OF FACTS

Classified is a Delaware corporation that sells business-to-business software.  *See* First Amended Complaint at ¶¶ 2, 13.  Classified is the owner of a software product "Templar", certain software maintenance contracts related to Templar support, and U.S. Patent 5,812,669, entitled "Method and System for Providing Secure EDI Over an Open Network" ("the '669 Patent" or the "patent-in-suit").  *See* First Amended Complaint at ¶¶ 13, 15, 16.

On February 20, 2007, Inovis filed a Complaint against Classified in the United States District Court for the Northern District of Georgia, which was subsequently amended on June 25, 2007 (the "Georgia Complaint").  *See* Tab 1 hereto.  The Georgia Complaint includes two counts—one for unfair competition under Section 43 of the Lanham Act and the other for tortious interference with business relationships.  *Id.* at ¶¶ 27-39.

On July 12, 2007, Classified executed a document styled "Assignment of Patent Rights" which contemplated that Classified would "sell, assign, transfer, and convey … all right, title, and interest" in the '669 Patent to defendant Distance Digital Co., LLC ("Distance Digital").  *See* First Amended Complaint at Exhibit C.

On July 23, 2007, Inovis filed the Complaint in this action (D.I. 1), which it amended on August 17, 2007 (D.I. 12; the "Delaware Complaint").  Inovis's Delaware Complaint included a "Background" section that was copied virtually word-for-word from its first-filed Georgia Complaint.  *Compare* Tab 1 at ¶¶ 8-13 *with* D.I. 12 at ¶¶ 9-14.  Also—with the exception of internal references to previous paragraphs and the description of its alleged damages for tortious interference—Counts II and II of Inovis's Delaware Complaint are identical to Counts I and II of its first-filed Georgia Complaint.  *Compare* Tab 1 at ¶¶ 27-39 *with* D.I. 12 at ¶¶ 39-51.  The only substantive difference was the addition of a declaratory judgment count against Inovis and

Distance Digital seeking a declaration of non-infringement, invalidity, and/or unenforceability of the '669 Patent. See D.I. 12 at ¶¶ 34-38.

After Inovis filed its Delaware Complaint, Distance Digital advised Classified that it had decided to terminate the Assignment of Patent Rights. By letter dated September 4, 2007, Distance Digital did so. *See* Tab 2 hereto.

On August 22, 2007, counsel for Classified sent to counsel for Inovis "a proposed Covenant Not to Sue that [Classified] is willing to provide to Inovis." *See* Tab 3, hereto. Late in the afternoon on the Friday before Labor Day weekend (the last business day before Classified's answer to the Delaware Complaint was then due), Inovis finally responded with a terse: "The covenant is not acceptable." *See* Tab 4 hereto. Counsel for Classified then asked "Can you please let us know the specific concerns that Inovis has concerning the covenant so that we can attempt to address them?" *See* Tab 5 hereto. To date, Inovis has not done so.

Despite Inovis's failure to reveal whatever concerns it may have with the covenant not to sue that Classified offered on August 22, 2007, Classified delivered the executed covenant not to sue to Inovis on September 6, 2007. *See* Tab 6 hereto.

## II.    **ARGUMENT**

### A.    The Covenant Not to Sue Divests the Court of Jurisdiction Over Count I of Inovis's Delaware Complaint.

An actual controversy "must be extant at all stages of review, not merely at the time the Complaint is filed." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (*quoting Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also Benitec Australia, Ltd. v. Nucleonics, Inc.*, __ F.3d. __, No. 06-1122, 2007 WL 2069646, at *3 (Fed. Cir. Jul. 20, 2007). The burden is on the party bringing the action "to establish that jurisdiction over its

declaratory judgment action existed at, and has continued since, the time the [claim] was filed." *Id.* (internal citation and quotations omitted).

The Federal Circuit has consistently held that "a covenant not to sue for any infringing acts involving products 'made, sold or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action" seeking a declaration of non-infringement or invalidity of the patents covered by the covenant. *Amana Refrigeration Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999); *see Super Sack*, 57 F.3d at 1059-60; *Intellectual Property Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1341-42 (Fed. Cir. 2001); *Metabolite Lab., Inc. v. Laboratory Corp. of America Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004); *Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*, No. 96-101-SLR, 1997 WL 811563, at *6-*7 (D. Del. Dec. 23, 1997); *Merck & Co., Inc. v. Apotex, Inc.*, 488 F. Supp.2d 418, 424 (D. Del. 2007).

Courts have continued to apply this rule following the Supreme Court's decision in *MedImmune v. Genentech*, 127 S. Ct. 764 (2007), which altered the Federal Circuit's "reasonable apprehension of suit" test for establishing a judiciable controversy. *See Benitec*, 2007 WL 2069646, at *6; *Merck*, 488 F. Supp.2d at 423-24; *Crossbow Tech., Inc. v. YH Tech.*, No. C 03-4360 SI, 2007 WL 2408879, at *3 (N.D. Cal. Aug. 21, 2007); *Warner Bros. Records, Inc. v. Stubbs*, No. CIV-06-793-M, 2007 WL 1959282, at *1-*2 (W.D. Okla. Jul. 2, 2007). For example, in *Benitec*, the Federal Circuit post-*MedImmune* found no actual controversy over declaratory judgment counterclaims where the plaintiff had executed a covenant not to sue. *See* 2007 WL 2069646, at *2, *6. In *Crossbow Tech.*, the court recognized that the Federal Circuit's *Benitec* decision "clarifies that a covenant not to sue is still sufficient to divest a trial court of subject matter jurisdiction, even under the new legal standard" set forth in *MedImmune*. 2007

WL 2408879, at *3; *see also Merck*, 488 F. Supp.2d at 424 (dismissing declaratory judgment action post-*MedImmune* because "Merck's covenant not to sue removes any cause for concern that Apotex could be held liable for infringement of the patents in suit").

Since the other defendant here, Distance Digital, does not have any rights in the '669 Patent, and since Classified has provided Inovis with a covenant not to sue, there is no longer any possible controversy regarding the only patent at issue in this case. Accordingly, Count I of the Delaware Complaint should be dismissed for lack of subject matter jurisdiction.

B.  Counts II and III Should Be Dismissed in Favor of the
     Identical Claims in Inovis's First-Filed Georgia Complaint.

Because Classified's covenant not to sue has removed any cause for concern that Inovis could be held liable for patent infringement, there is no justiciable controversy with respect to Inovis's claim in Count I for declaratory relief, and the only claims remaining in Inovis's Delaware Complaint are its claims: (1) alleging unfair competition under Section 43 of the Lanham Act (Count II); and (2) alleging tortious interference with business relationships (Count III). A simple comparison of Counts II and III of Inovis's Delaware Complaint with its first-filed Georgia Complaint demonstrates that each claim: is asserted against the same party (Classified); is based on allegations that were copied essentially word-for-word from the Georgia Complaint; and seeks identical relief to that which Inovis is seeking in its Georgia Complaint. Under these circumstances, Counts II and III should also be dismissed. *See EEOC v. University of Pa.,* 850 F.2d 969, 971 (3d Cir. 1988) ("In all cases of federal concurrent jurisdiction, the

court which first has possession of the subject must decide it") (internal citation and quotations omitted).[1]

## III.    CONCLUSION

For the foregoing reasons, Classified respectfully requests that the Court issue the attached Order (Tab 7 hereto) dismissing Inovis's Delaware Complaint.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*
*Classified Information, Inc.*

Dated: September 7, 2007
183883.1

---

[1] In the alternative, should the Court choose not to dismiss Counts II and III, this Court should exercise its discretion to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

# TAB 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Inovis, Inc. and Inovis USA, Inc., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **1:07-CV-0424-CAP** |
| Classified Information, Inc., | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **Defendant.** | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

Plaintiffs Inovis, Inc., and Inovis USA, Inc. (collectively, "Inovis") bring this action against Defendant Classified Information, Inc. ("CI"), and alleges as follows:

## I.  NATURE OF ACTION

1.      This is an action brought under federal and state laws which prohibit unfair business practices and unfair competition.  Inovis seeks relief herein from CI's bad faith interference with Inovis's business relations with its customers and potential customers.

## II. PARTIES

2.     Inovis, Inc. is a corporation organized and existing under the laws of Georgia, having its principal place of business in Georgia.

3.     Inovis USA, Inc. is a corporation organized and existing under the laws of Georgia, having its principal place of business in Georgia.

4.     CI is a corporation organized and existing under the law of Delaware, having its principal place of business in California.

## III. JURISDICTION AND VENUE

5.     The amount in controversy exclusive of interest and costs exceeds $75,000, and there is complete diversity of citizenship between plaintiff and defendant.  This Court therefore has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.   This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6.     Defendant is subject to the personal jurisdiction of this Court pursuant to O.C.G.A. 9-10-91, et seq.

7.     Venue is proper in this Court.

## IV.  BACKGROUND

8.    Inovis is in the business of making and selling computer systems that allow business-to-business commerce and allow secure electronic data interchange over the Internet.

9.    Inovis's line of products includes an innovative system that Inovis created and which Inovis markets and sells as "Bizmanager" and "Cyclone Interchange Enterprise" (collectively "Bizmanager").

10.    Among other things, Bizmanager allows the secure exchange of data between Inovis's computer systems and the computer systems of its customers or business partners ("First Tier Customers") over the Internet.

11.    Bizmanager also allows the secure exchange of data between Inovis's First Tier Customers and the customers and business partners of the First Tier Customers ("Second Tier Customers").

12.    CI is a competitor of Inovis.  CI markets a product called "Templar Software" which competes with the Bizmanager system.

13.    Upon information and belief, both First Tier Customers and Second Tier Customers are potential customers of CI.

**CI Accuses the First Tier customers of Infringement.**

14.     Inovis's  existing First Tier Customers include Bumble Bee Foods, Morgan Foods, Inc., and Aspen Pet Products.

15.     CI has made written threats against the three aforementioned businesses, alleging that by using Bizmanager, each has infringed U. S. Patent No. 5,812,669, entitled "Method and System for Providing Secure EDI Over An Open Network" ("'669 Patent").  CI has also  claimed in its communications with  these businesses that it is the owner of the '669 Patent.

**The '669 Patent Requires Two Computers.**

16.     The claims in the '669 Patent require the combination of two computers, a "sender computer" and a "recipient computer."   Infringement of the '669 Patent, at a minimum, requires that two computers act in concert in a manner specifically described by the patent.

17.     Bizmanager serves a variety of functions beyond those which allegedly infringe the '669 Patent.

18.     The interaction made possible by Bizmanager between Inovis and its First Tier Customers does not infringe the '669 Patent.

- 4 -

19.     Because of the '669 Patent's two-computer requirement, neither Inovis nor its First Tier Customers, acting alone, can infringe the patent.

20.     CI's threatening letters to Inovis's First Tier Customers do not specify the conduct that allegedly infringes the '669 Patent.

21.     CI's threatening letters to Inovis's First Tier Customers do not identify any Second Tier Customers, nor do they reference the fact that the claims of the '669 Patent require both a "sender computer" and a "recipient computer."

### CI Acted in Bad Faith.

22.     Because there can be no infringement of the '669 Patent's claims without the presence of both a "sender computer" and a "recipient computer," CI cannot, in good faith, allege infringement against a customer of Inovis alone.

23.     Because there can be no infringement of the '669 Patent's claims without the presence of both a "sender computer" and a "recipient computer," the First Tier Customers, by themselves, cannot infringe the '669 Patent, cannot induce others to infringe the '669 Patent, and cannot contribute to infringement of the '669 Patent.

24.    CI has no standing to assert infringement of the '669 Patent because it is neither the original patentee, nor is it a bona fide assignee or owner of the '669 Patent.

25.    At the time CI made its claims of patent infringement against Inovis's First Tier Customers, CI knew or should have known that Bizmanager does not infringe the '669 Patent, that Inovis's First Tier Customers, by themselves, cannot infringe the '669 Patent, and that CI did not have standing to assert infringement of the '669 Patent against anyone.

26.    CI made its claim for patent infringement in bad faith and for the purpose of interfering with CI's existing and prospective customer relationships.

## Count I

## Unfair Competition: Violation of the Section 43 of the Lanham Act

27.    Inovis repeats and incorporates herein Paragraphs 1 through 25.

28.    CI's false statements in the marketplace that Inovis and/or its customers are infringing the '669 Patent through use of Bizmanager are intended to deceive, and are likely to deceive, a substantial segment of the intended audience.

29.    CI's deception is material in that it is likely to influence purchasing decisions of Inovis's customers and potential customers in interstate commerce.

30.    CI's conduct violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

31.    As a direct and proximate cause of CI's false statements in the marketplace, Inovis has been damaged in an amount to be determined at trial.

### Count II

### Tortious Interference with Business Relationships

32.    Inovis repeats and incorporates herein Paragraphs 1 through 30.

33.    CI acted improperly, unlawfully, and without privilege when it falsely accused, in bad faith, Inovis's customers of infringing the '669 Patent.

34.    In falsely accusing Inovis's customers of patent infringement, CI intended to prevent Inovis's performance, cause Inovis's performance to be more expensive or burdensome, and/or reduce the likelihood that one or more of Inovis's customers will continue their business relationship with Inovis or enter into new contracts and/or relationships with Inovis in the future.

35. In falsely accusing Invovis's customers of patent infringement, CI acted maliciously, for the purpose of interfering with Inovis's business relationships.

36. CI's conduct, in fact, injured Inovis by causing Inovis's performance to be more expensive or burdensome, by straining the contractual and/or business relationships, and/or by reducing the likelihood that one or more of Inovis's customers will continue their business relationship with Inovis or enter into new contracts and/or relationships with Inovis in the future.

37. CI's conduct constitutes an intentional, tortious interference with Inovis's business relations with its customers.

38. As a direct and proximate cause of CI's actions, Inovis has been damaged in an amount in excess of $75,000, exclusive of interest, attorneys' fees, and costs.

39. CI's conduct was willful or malicious, was intentionally fraudulent, or manifested a knowing, reckless indifference toward Inovis's rights. Inovis, therefore, is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE,  Inovis requests judgment against CI and respectfully prays that this Court:

(a)    award Inovis damages adequate to compensate it for actual injuries sustained as a result of CI's actions;

(b)    award Inovis treble damages pursuant to § 15 U.S.C. § 1117(a);

(c)    award Inovis its reasonable attorneys' fees, expenses, and costs of this action;

(d)    award Inovis punitive damages;

(e)    assess prejudgment interest and costs;

(f)    enjoin CI, its agents, assigns, successors in interest, servants, employees, attorneys, and all those in active participation or privity with any of them from:

  i.    charging Inovis, its agents, distributors, or customers with infringement of the '669 Patent;

  ii.    representing to others that Inovis is liable for infringement of the '669 Patent; and

- 9 -

       iii.    otherwise interfering in any way with Inovis's

business; and

     (g)    grant Inovis such other and further relief as the Court

deems just and proper.

                                      **WOODCOCK WASHBURN, LLP**
                                      /s/ Andrea E Bates
                                      Andrea E Bates
                                      Georgia Bar No. 041763
                                      Lance Reich
                                      Georgia Bar No. 599698

Woodcock Washburn, LLP
2002 Summit Boulevard               **Counsel for Plaintiffs**
Ste 800                                **Inovis, Inc. and Inovis USA, Inc.**
Atlanta Georgia 30319
abates@woodcock.com
lreich@woodcock.com

TAB 2

Distance Digital Co., L.L.C.
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

September 4, 2007

Mr. Christian Putnam
3308 Stonebrook Drive
Richardson, TX 75082

        Attn:   Christian Putnam

Re:     Patent Purchase Agreement with an Effective Date July 11, 2007 ("PPA") by and
        between Distance Digital Co., L.L.C. and Christian Putnam

Dear Mr. Putnam:

This letter confirms and serves as notice under the PPA, to the extent any is required, the above
referenced PPA is terminated.

Distance Digital Co., L.L.C. ("DD") never received an executed original of the PPA, an executed
original of the Assignment of Patent Rights, or any Deliverables under the PPA. As you know,
the transaction under the PPA never closed, and therefore DD has no rights under the Assignment
of Patent Rights. DD has no right, title or interest in United States Patent No. 5,812,669.

Thank you.

            Yours truly,

            Distance Digital Co., L.L.C.

            By: _Cathy Regan_____
            Cathy Regan
            Its Authorized Person

TAB 3

**JDay**

| | |
|---|---|
| **From:** | JDay |
| **Sent:** | Wednesday, August 22, 2007 11:26 AM |
| **To:** | 'Heaney, Julie' |
| **Cc:** | 'jblumenfeld@mnat.com'; 'wolfsohn@woodcock.com'; 'morreale@woodcock.com'; 'jonas@woodcock.com' |
| **Subject:** | Inovis USA, Inc. v. Classified Information, Inc., et al., C.A. No. 07-459-GMS |
| **Attachments:** | Covenant Not to Sue.doc |

Good morning Julia.  Following up on our telephone conversation of Monday August 20, 2007, I have attached the proposed Covenant Not to Sue that Classified Information, Inc. is willing to provide to Inovis.

Regards,

John

## COVENANT NOT TO SUE

WHEREAS, Classified Information Inc. (Classified) owns all right, title and interest in and to United States Patent No. 5,812,669 ("the '669 Patent"); and

WHEREAS Inovis USA Inc. and Inovis International Inc. (together Inovis) filed in the United States District Court of Delaware a civil action against Classified, Civil Action No. 07-459-GMS, in which Inovis has sought a declaratory judgment that, *inter alia*, "has not directly infringed, contributed to the infringement of, or actively induced the infringement of any claim of the '669 Patent...."

NOW THEREFORE, Classified hereby states as follows:

1. Classified unconditionally agrees, promises and covenants that Classified will not sue or otherwise assert any claim of patent infringement against Inovis for any activities (including past, current, and future activities) of Inovis that would qualify as infringement of the '669 Patent under 35 U.S.C. § 271.

2. This covenant covers all claims in the '669 Patent as they currently read, and any claim in any reissued or reexamined version of the '669 Patent that is the same as, or substantially identical to, any claim of the '669 Patent as it currently reads. The term "substantially identical" as used herein is intended to have the same meaning as that term is used in 35 U.S.C. § 252.

3. This covenant does not extend to any claim in any reissued or reexamined version of the '669 Patent that is not the same as, or substantially identical to, any claim of the '669 Patent as it currently reads.

4. This covenant does not extend to any other patent. This covenant does not constitute an admission by Classified that the claims of the '669 Patent are invalid, unenforceable, or not infringed. To the contrary, Classified categorically rejects all such claims by Inovis.

5. The covenant shall inure to the benefit of Inovis, and shall be binding on Classified's assigns and successors to the extent permitted by law. This covenant shall only extend to Inovis (including any successors-in-interest to all or substantially all of the assets of Inovis) and does not extend to any third parties, including any third parties acting in concert with Inovis or using products or services provided by Inovis.

CLASSIFIED INFORMATION INC.

By _____

Christian Putnam
President

183421.1

TAB 4

## JDay

| | |
|---|---|
| **From:** | Blumenfeld, Jack [JBlumenfeld@MNAT.com] |
| **Sent:** | Friday, August 31, 2007 2:50 PM |
| **To:** | JDay; Heaney, Julie |
| **Cc:** | TLydon; Wolfsohn, David J. (Woodcock Washburn) |
| **Subject:** | RE: Inovis v. Classified Information |

John -- The covenant is not acceptable. Classified can have until next Friday, September 7, to respond to the Complaint, but there will have to be a different stipulation.

Jack

---

**From:** JDay [mailto:jday@ashby-geddes.com]
**Sent:** Friday, August 31, 2007 11:58 AM
**To:** Blumenfeld, Jack; Heaney, Julie
**Cc:** TLydon
**Subject:** Inovis v. Classified Information

Good morning. I have attached a proposed stipulation extending Classified Information's deadline to respond to the complaint in the above action by an additional ten days. Would you please let me know whether it is acceptable? I'd like to file it early this afternoon if possible.

Thanks,

John

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

9/6/2007

TAB 5

## JDay

| | |
|---|---|
| **From:** | JDay |
| **Sent:** | Friday, August 31, 2007 3:13 PM |
| **To:** | 'Blumenfeld, Jack'; Heaney, Julie |
| **Cc:** | TLydon; Wolfsohn, David J. (Woodcock Washburn) |

**Subject:** RE: Inovis v. Classified Information

Thanks Jack. Can you please let us know the specific concerns that Inovis has concerning the covenant so that we can attempt to address them? Meanwhile, I'll revise the stipulation and forward it to you shortly.

Best regards,

John

---

**From:** Blumenfeld, Jack [mailto:JBlumenfeld@MNAT.com]
**Sent:** Friday, August 31, 2007 2:50 PM
**To:** JDay; Heaney, Julie
**Cc:** TLydon; Wolfsohn, David J. (Woodcock Washburn)
**Subject:** RE: Inovis v. Classified Information

John -- The covenant is not acceptable. Classified can have until next Friday, September 7, to respond to the Complaint, but there will have to be a different stipulation.

Jack

---

**From:** JDay [mailto:jday@ashby-geddes.com]
**Sent:** Friday, August 31, 2007 11:58 AM
**To:** Blumenfeld, Jack; Heaney, Julie
**Cc:** TLydon
**Subject:** Inovis v. Classified Information

Good morning. I have attached a proposed stipulation extending Classified Information's deadline to respond to the complaint in the above action by an additional ten days. Would you please let me know whether it is acceptable? I'd like to file it early this afternoon if possible.

Thanks,

John

---

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

TAB 6

## COVENANT NOT TO SUE

WHEREAS, Classified Information Inc. (Classified) owns all right, title and interest in and to United States Patent No. 5,812,669 ("the '669 Patent"); and

WHEREAS Inovis USA Inc. and Inovis International Inc. (together Inovis) filed in the United States District Court of Delaware a civil action against Classified, Civil Action No. 07-459-GMS, in which Inovis has sought a declaratory judgment that, *inter alia*, "has not directly infringed, contributed to the infringement of, or actively induced the infringement of any claim of the '669 Patent...."

NOW THEREFORE, Classified hereby states as follows:

1. Classified unconditionally agrees, promises and covenants that Classified will not sue or otherwise assert any claim of patent infringement against Inovis for any activities (including past, current, and future activities) of Inovis that would qualify as infringement of the '669 Patent under 35 U.S.C. § 271.

2. This covenant covers all claims in the '669 Patent as they currently read, and any claim in any reissued or reexamined version of the '669 Patent that is the same as, or substantially identical to, any claim of the '669 Patent as it currently reads. The term "substantially identical" as used herein is intended to have the same meaning as that term is used in 35 U.S.C. § 252.

3. This covenant does not extend to any claim in any reissued or reexamined version of the '669 Patent that is not the same as, or substantially identical to, any claim of the '669 Patent as it currently reads.

4. This covenant does not extend to any other patent. This covenant does not constitute an admission by Classified that the claims of the '669 Patent are invalid, unenforceable, or not infringed. To the contrary, Classified categorically rejects all such claims by Inovis.

5. The covenant shall inure to the benefit of Inovis, and shall be binding on Classified's assigns and successors to the extent permitted by law. This covenant shall only extend to Inovis (including any successors-in-interest to all or substantially all of the assets of Inovis) and does not extend to any third parties, including any third parties acting in concert with Inovis or using products or services provided by Inovis.

CLASSIFIED INFORMATION INC.

By _Christian Putnam_

Christian Putnam
President

183421.1

TAB 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INOVIS USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-459-GMS |
| | ) | |
| CLASSIFIED INFORMATION, INC. and | ) | |
| DISTANCE DIGITAL CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This _____ day of _____, 2007, Defendant Classified Information, Inc.

having moved to dismiss the First Amended Complaint in this action (D.I. 12), and the Court,

after considering the positions of the parties, having concluded that good grounds exist for the

requested relief; now, therefore,

IT IS HEREBY ORDERED that Classified Information, Inc.'s motion to dismiss the First

Amended Complaint is granted.

_____
Chief Judge