## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INOVIS USA, INC.

                           Plaintiff,

v.

CLASSIFIED INFORMATION, INC. and
DISTANCE DIGITAL CO., LLC,

                           Defendants.

Case No. 07-459 (GMS)

## DEFENDANT DIGITAL DISTANCE CO., LLC'S
## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Digital Distance Co., LLC ("DD") answers plaintiff's First Amended

Complaint as follows:

1.      As to paragraph 1, DD is without information sufficient to form a belief in the

truth of the allegations therein, and therefore denies the same.

2.      DD admits paragraph 2.

3.      DD admits paragraph 3.

### JURISDICTION AND VENUE

4.      As to paragraph 4, DD denies that this Court has subject matter jurisdiction over

the claims against it and denies the remaining allegations in paragraph 4, which call for legal

conclusions for which no answer is required.

5.      DD admits paragraph 5.

6.      As to paragraph 6, DD is without information sufficient to form a belief as to the

truth of the allegations therein and therefore denies the same.

7.    DD admits that it was formed under the laws of the State of Delaware and denies the remaining allegations of paragraph 7 as calling for a legal conclusion for which no answer is required.

8.    Paragraph 8 calls for a legal conclusion for which no answer is required.

## BACKGROUND

9.    As to paragraph 9, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

10.    As to paragraph 10, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

11.    As to paragraph 11, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

12.    As to paragraph 12, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

13.    As to paragraph 13, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

14.    As to paragraph 14, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

## THE 669 PATENT

15.    DD admits paragraph 15.

16.    DD lacks information sufficient to form a basis for belief in the truth of the allegations in paragraph 16 and therefore denies the same.

## CI'S ALLEGED ENFORCEMENT CAMPAIGN OF THE 669 PATENT AGAINST
## INOVIS AND INOVIS' CUSTOMERS

17.    As to paragraph 17, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

18.    As to paragraph 18, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

19.    Paragraph 19 calls for a legal conclusion, for which no answer is required.

20.    Paragraph 20 calls for a legal conclusion, for which no answer is required.

21.    As to paragraph 21, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

22.    As to paragraph 22, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

23.    As to paragraph 23, DD admits that a document entitled "Assignment of Patent Rights" exists, but denies that such document is valid or that it effected a transfer of any rights in the 669 Patent to DD.  DD affirmatively alleges that it has no rights whatsoever in or to the 669 Patent.  DD denies the remaining allegations in paragraph 23.

24.    As to paragraph 24, DD denies that the Assignment of Patent Rights is valid and denies that it is the successor in interest to any of CI's rights to enforce the 669 Patent.

25.    As to paragraph 25, DD denies it is a party to any valid Assignment of Patent Rights and denies the remainder of the paragraph.

26.    As to paragraph 26, DD is without information sufficient to form a belief as to whether Inovis' First Tier Customers infringe the 669 Patent, and therefore denies the allegations therein.

27.    Paragraph 27 calls for a legal conclusion for which no answer is required.

28.    DD denies paragraph 28.

29.    DD denies paragraph 29.

30.    DD denies that there is any dispute between it and Inovis that is definite and concrete. DD is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and DD therefore denies the same.

31.    The allegations in paragraph 31 call for a legal conclusion for which no answer is required.

32.    As to paragraph 32, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

33.    DD denies paragraph 33.

## COUNT I

## DECLARATORY JUDGMENT COUNT:  AGAINST CI AND DD

## (NONINFRINGEMENT, INVALIDITY AND/OR UNENFORCEABILITY OF THE 669 PATENT)

34.    As to paragraph 34, DD repeats its answers to paragraphs 1-33 as though fully set forth herein.

35.    Paragraph 35 calls for a legal conclusion for which no answer is required.

36.    Paragraph 36 calls for a legal conclusion for which no answer is required.

37.    Paragraph 37 calls for a legal conclusion for which no answer is required.

38.    Paragraph 38 calls for a legal conclusion for which no answer is required.

## COUNT II:  AGAINST CI

## UNFAIR COMPETITION:  VIOLATION OF SECTION 43 OF THE LANHAM ACT

39.     Answering paragraph 39, DD incorporates the answers to paragraphs 1 through 38 as though fully set forth herein.

40.     As to paragraph 40, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

41.     As to paragraph 41, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

42.     Paragraph 42 calls for a legal conclusion for which no answer is required.

43.     As to paragraph 43, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

## COUNT III:  AGAINST CI

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

44.     Answering paragraph 44, DD incorporates its answers to paragraphs 1 through 43 as though fully set forth herein.

45.     As to paragraph 45, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

46.     As to paragraph 46, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

47.     As to paragraph 47, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

48.     As to paragraph 48, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

49.    Paragraph 49 calls for a legal conclusion for which no answer is required.

50.    As to paragraph 50, DD is without information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

51.    As to paragraph 51, DD is without information sufficient to form a belief as to the truth of the factual allegations therein and therefore denies the same. Paragraph 51 also calls for a legal conclusion, for which no answer is required.

## PRAYER FOR RELIEF

1.    DD opposes Inovis' prayer for relief to the extent it seeks relief with respect to DD, which has no interest in the 669 Patent.

## AFFIRMATIVE DEFENSES

1.    DD has no interest in the 669 Patent.

2.    Inovis lacks standing to seek any relief as against DD.

3.    This Court lacks subject matter jurisdiction to award any relief as against DD.

4.    The First Amended Complaint fails to state a claim against DD upon which relief can be granted.

**CONNOLLY BOVE LODGE & HUTZ LLP**

Dated: September 7, 2007

By: */s/ Arthur G. Connolly, III*
      Arthur G. Connolly, III (#2667)
      1007 N. Orange Street
      P.O. Box 2207
      Wilmington, DE  19899
      Tel: (302) 658-9141
      Email: AConnollyIII@cblh.com

      Of Counsel:
      Susan Fahringer, Bar No. 21567
      **PERKINS COIE LLP**
      1201 Third Avenue, Suite 4800
      Seattle, WA  98101-3099
      Tel: 206.359.8000
      Fax: 206.359.9000

      Attorneys for Defendant
      Distance Digital Co., LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2007, the foregoing document was served on

the following counsel of record in the manner indicated below:


**Via CM/ECF**
Jack B. Blumenfeld, Esq.
Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Tiffany Geyer Lydon, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

**Via Electronic Mail**
David J. Wolfsohn, Esq.
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104


                                        /s/Arthur G. Connolly, III
                                        Arthur G. Connolly, III (#2667)


#562970_1