IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INOVIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-459 (GMS) |
| ) | |
| DISTANCE DIGITAL CO., LLC and ) | |
| CLASSIFIED INFORMATION, INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

In accordance with the Court's October 17, 2007 Order (D.I. 20), and pursuant to Rule 16(b), Fed. R. Civ. P., and D. Del. L.R. 16.2, counsel for the parties Inovis, Inc. ("Inovis"), Distance Digital Co., LLC ("Distance Digital") and Classified Information, Inc. ("Classified") have conferred and submit this Joint Status Report in preparation for the status and scheduling conference before the Court on October 22, 2007. Attached for the Court's consideration is a chart summarizing the parties' proposed schedule for this action (Exhibit A).

1.  **Jurisdiction and Service**

    The parties agree that the Court has personal jurisdiction over the parties to this action and the defendants have been served. Classified has moved to dismiss Count I of the First Amended Complaint for lack of subject matter jurisdiction on the grounds that Inovis has not satisfied the *MedImmune* standards for declaratory judgment jurisdiction. Inovis opposes the motion on the ground that the covenant not to sue offered by Classified with respect to Count I is not sufficient to eliminate the controversy between Inovis and Classified because it does not include Inovis' customers, and Inovis needs discovery to determine who owns the patent in suit and whether Classified is authorized to enter into a covenant not to sue (D.I. 19). Classified's

motion to transfer or dismiss Counts II and III of the First Amended Complaint has been mooted by Inovis's voluntary dismissal of its lawsuit against Classified in the United States District Court for the Northern District of Georgia ("the Georgia Suit").

**2.      Substance of the Action**

Inovis and Classified are competitors in the business of selling e-business encryption software. This lawsuit arises from letters Classified has sent to Inovis' customers accusing them of infringement of U.S. Patent No. 5,812,669 ("the '669 patent"). On February 20, 2007, Inovis filed the Georgia Suit, asserting one claim under the Lanham Act and one for tortious interference with business relationships under state law. Classified filed a motion to dismiss for lack of personal jurisdiction in Georgia but, before that motion was decided by the court, Inovis dismissed the lawsuit pursuant to Rule 41(a)(1). Inovis filed this suit against Classified and Distance Digital for a declaratory judgment of non-infringement, invalidity and unenforceability of the '669 patent (Count I), unfair competition under the Lanham Act (Count II) and tortious interference with business relationships (Count III). Distance Digital maintains that it has no interest in the patent-in-suit, has confirmed this by letter to Classified, and has offered to stipulate to its lack of any interest in the patent. Consequently, it is Distance Digital's position that Inovis has no standing to seek any relief as against Distance Digital, the Court lacks subject matter jurisdiction to award any relief as against Distance Digital, and Inovis has failed to state a claim against Distance Digital.

**3.    Identification of Issues**

Based upon the pleadings, Inovis contends that the issues to be resolved in this litigation include, generally, the infringement, validity and enforceability of the '669 patent, whether Classified's assertions of infringement against Inovis' customers violate the Lanham Act or constitute tortious interference with business relationships, and the amount of damages adequate to compensate Inovis. Classified contends that the declaratory judgment relief that Inovis seeks concerning the '669 patent is not ripe for determination. Distance Digital contends that the issues to be resolved are what interest, if any, Distance Digital has in the patent-in-suit, and whether any claim can be stated as against Distance Digital.

**4.    Narrowing of Issues**

Inovis requests a 60-day period to take limited discovery related to subject matter jurisdiction and Classified's motion to dismiss and believes that such discovery may narrow the disputed issues relating to Classified's motion. Classified believes that such discovery is not necessary to decide the motion. Distance Digital has offered to stipulate to the fact that it has no interest in the patent-in-suit, and opposes any discovery of Distance Digital. If, however, such discovery is permitted, Distance Digital believes that any discovery of it should be limited to the issue of what interest, if any, it has in the patent-in-suit. The parties expect that they may be able to narrow other issues as discovery in this case proceeds.

**5.    Relief**

Inovis seeks declaratory judgment that all claims of the '669 patent are invalid, unenforceable and not infringed. Inovis also seeks to enjoin Classified and Distance Digital from charging infringement or instituting any legal action for infringement of the '669 Patent against Inovis or any of its customers, and from interfering in any way with Inovis' business or

its customers. Inovis also seeks damages adequate to compensate Inovis for actual injuries sustained as a result of Classified's actions, treble damages pursuant to 15 U.S.C. § 1117(a), punitive damages, and an award of its reasonable attorneys' fees, expenses and costs in this action pursuant to 35 U.S.C. § 285. Classified seeks: (1) an order of the Court dismissing Inovis's requests for declaratory relief; (2) a order of the Court denying the injunctive relief requested by Inovis; (3) a jury verdict that it is not liable for any damages; and (4) and an award of its reasonable attorneys' fees, expenses and costs in this action.

**6.    Amendment of Pleadings**

The parties do not currently anticipate amending their pleadings filed to date, but reserve the right to do so within the time period set forth in the schedule entered by the Court.

**7.    Joinder of Parties**

The parties do not currently anticipate having to join any additional parties to this action, but reserve the right to do so within the time period set forth in the schedule entered by the Court.

**8.    Discovery**

Inovis anticipates that it will require discovery related to the following issues:

1. Whether Classified owns the '669 patent or any rights thereunder. Inovis requests a 60-day period to engage in limited to discovery related to Classified's motion to dismiss.

2. Whether Inovis or its customers infringe the '669 patent.

3. Whether the '669 patent is valid.

4. Whether the '669 patent is enforceable.

5. The nature and extent of Classified's communications to Inovis' customers.

6. Whether Classified made any false statements regarding Inovis' products with knowledge of the falsity of such statements.

7. The extent of the harm and damage to Inovis' existing and future business relations caused by Classified's allegations.

Classified anticipates that it will require discovery relating to the following issues:

1. The nature and extent of Inovis's communications with its customers regarding Classified.

2. Whether Inovis has suffered any damages as the result of Classified's June 2006 letters to Bumble Bee Foods, Morgan Foods and Aspen Pet Products, and, if so, the extent of such damages.

Distance Digital has offered to stipulate to the fact that it has no interest in the patent-in-suit, and opposes any discovery of Distance Digital. If, however, such discovery is permitted, Distance Digital believes that any discovery of it should be limited to the issue of what interest, if any, it has in the patent-in-suit. Accordingly, discovery of Inovis' topics 2-7, above, should not be undertaken of Distance Digital until the issue of whether it owns the patent-in-suit is resolved, and discovery of Distance Digital as to Inovis' topic 1 should be limited to the interest, if any, held by Distance Digital.

**Document Requests.** The parties agree that there should be no limit to the number of document requests that each side will be permitted to serve.

**Interrogatories.** The parties agree that each party should be limited to no more than 25 interrogatories (including sub-parts).

**Admissions.** The parties agree that each party should be limited to no more than 50 requests for admissions.

**Fact Depositions.** The parties agree that each side shall be permitted to take a total of 70 hours of fact depositions. There shall be no restriction on the number of depositions that a party may take so long as that party does not exceed the aggregate number of deposition hours that has been allocated to it. A deposition of an individual person shall not exceed seven (7) hours in a single day as provided by Rule 30(d)(2), Fed. R. Civ. P., *provided*, however, that a deposition of an inventor shall not exceed fourteen (14) hours over two days. Distance Digital believes that the issue of its lack of ownership in the patent-in-suit can and should be resolved through written discovery, and opposes any deposition discovery of Distance Digital.

**9.  Estimated Trial Length**

The parties estimate that trial will require approximately 7 trial days if it includes the patent issues, or 3 trial days if it is limited to the unfair competition and tortious interference issues.

**10.  Jury Trial**

Inovis has demanded a jury trial on all issues that are triable by a jury.

**11.  Settlement**

Inovis believes that if 60 days of discovery on Classified's motion to dismiss is permitted, Inovis would then be in a position to explore settlement with Classified and Distance Digital and a referral to a magistrate judge at that juncture would be helpful. Classified requests immediate referral to the Magistrate. Distance Digital has no interest in the patent-in-suit and no interest in this litigation. Distance Digital has offered to stipulate to its lack of any interest in the

patent-in-suit, and has requested that Inovis voluntarily dismiss it, with prejudice, from this litigation.

12.     **Other Matters**

The parties agree that a stipulated protective order is necessary due to the confidential technical and business information that will need to be exchanged in this action. The parties expect in the near future to present to the Court a proposed form of stipulated protective order for the Court's consideration.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
| */s/ Julia Heaney (#3052)* | */s/ Arthur G. Connolly, III (#2667)* |
| Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jheaney@mnat.com<br>*Attorneys for Plaintiff Inovis, Inc.* | Arthur G. Connolly, III (#2667)<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE  19899<br>(302) 658-9141<br>aconnollyIII@cblh.com<br>*Attorneys for Defendant Distance Digital Co., LLC* |
| | ASHBY & GEDDES |
| | */s/ John G. Day (#2403)* |
| | Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>D(302) 654-1888<br>sbalick@ashby-geddes.com<br>*Attorneys for Defendant Classified Information, Inc.* |

October 22, 2007
1270365.2

# ATTACHMENT A

## JOINT PROPOSED CASE SCHEDULE

| Event | Date |
|---|---|
| Cutoff for limited discovery related to subject matter jurisdiction | December 21, 2007 |
| Initial disclosures (per Rule 26, Fed. R. Civ. P.) | November 9, 2007 |
| All motions to join other parties or amend pleadings filed on or before | February 23, 2007 |
| Parties exchange lists of claim terms they believe are in dispute, together with their proposed constructions of those terms and all intrinsic support for such constructions | April 21, 2008 |
| Meet and confer to narrow disputes re claim terms | May 5, 2008 |
| Parties to file with Court statement of (a) agreed-upon claim constructions, and (b) each party's proposed constructions for terms in dispute | May 12, 2008 |
| Opening claim construction briefs | May 27, 2008 |
| Responsive claim construction briefs | June 19, 2008 |
| Proposed *Markman* hearing | July _, 2008 |
| Fact discovery cutoff – all discovery requests must be served so as to be completed by this date | September 5, 2008 |
| Opening expert reports on issues for which a party bears the burden of proof | September 19, 2008 |
| Responsive expert reports | October 17, 2008 |
| Letters to Court identifying potential summary judgment motions | October 9, 2008 |
| Last day for expert depositions | December 19, 2008 |
| Last day to file dispositive motions (if permitted by Court) | November 24, 2008 |
| Last day to file oppositions on dispositive motions | December 10, 2008 |
| Last day to file reply briefs on dispositive motions | December 23, 2008 |
| Plaintiff provides draft pretrial order | January 12, 2009 |
| Defendants provide proposed revisions to draft pretrial order | January 26, 2009 |
| Last day to file motions in limine | January 26, 2009 |
| Last day to file oppositions on motions in limine | February 9, 2009 |

1

2

| Event | Date |
|---|---|
| Last day to file reply briefs on motions in limine | February 17, 2009 |
| Pretrial Order | February 17, 2009 |
| Proposed Pretrial Conference | March _ 2009 |
| Proposed trial date | April _ 2009 |