IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INOVIS USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-459-GMS |
| ) | |
| CLASSIFIED INFORMATION, INC. and ) | |
| DISTANCE DIGITAL CO., LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CLASSIFIED INFORMATION, INC.'S
OBJECTIONS TO INOVIS' REVISED NOTICE OF DEPOSITION
OF CLASSIFIED INFORMATION PURSUANT TO RULE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, Defendant Classified Information, Inc. ("Classified") hereby objects and responds to Plaintiff Inovis USA, Inc.'s ("Inovis") revised notice of deposition of Classified pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice").

Objections to each deposition category are made on an individual basis below. The specific objections are submitted without prejudice to, and without waiving, the general objections listed below, but not expressly set forth in the response. The assertion of any objection to any deposition category below is neither intended as, nor shall in any way be deemed, a waiver of Classified's right to assert that or any other objection at a later date.

Classified's objections and responses contained herein do not in any way constitute an acceptance of Inovis' purported Definitions of words or phrases.

## **GENERAL OBJECTIONS**

1. Classified objects to the Notice insofar as it seeks to impose obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Delaware, and Chief Judge Sleet's instructions during the Rule 16 conference in this matter.

2. Classified objects to the Notice to the extent the designated deposition categories seek disclosure of information covered by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

3. Classified objects to the deposition categories in the Notice as overbroad and unduly burdensome to the extent that they exceed the limited scope of discovery permitted by Chief Judge Sleet in connection with the pending motion to dismiss.

4. Classified objects to Inovis's definitions of "Classified," "CI," "defendant," "you" and "your" as overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent that it purports to require Classified to testify documents on behalf of persons or entities other than Classified.  For purposes of its responses herein, Classified will define "Classified," "CI," "defendant," 'you" and "your" to refer to Classified and its directors, officers, and employees.

5. Classified objects to Inovis's definitions of "Distance Digital" and "DD" as overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence to the extent it purports to include persons other than Distance Digital and its directors, officers, and employees.

6. These General Objections shall be incorporated into each of the following specific objections as if fully set forth therein.

## SPECIFIC OBJECTIONS

**DEPOSITION CATEGORY NO. 1:**

The identity of all present officers, employees, directors, and shareholders of Classified.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 2:**

Mr. Christian Putnam's position(s), role, and authority at Classified.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 3**:

The control and ownership of Classified and Classified's assets since July 1, 2007.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery

permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 4:**

The ownership of the 669 patent, including, but not limited to, any assignment, transfer in ownership, security agreement, license, contract limiting ownership rights, or other agreements relating to rights in the 669 patent.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 5:**

The purported "Assignment of Patent Rights" between Classified and Distance Digital and "Patent Purchase Agreement" between Classified and Distance Digital.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 6**:

Communications between Classified and Distance Digital relating to the 669 patent or Inovis.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 7:**

Any acquisition of the 669 patent, including, but not limited to, any acquisition of the 669 patent by way of acquisition of Classified or of any assets of or stock in Classified.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 8:**

Any attempts to license or enforce the 669 patent.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

**DEPOSITION CATEGORY NO. 9:**

Communications with customers of Inovis.

**RESPONSE:**

Classified incorporates the General Objections as if fully set forth herein. Classified objects to this deposition category to the extent that it exceeds the limited scope of discovery permitted by Chief Judge Sleet in connection with Classified's motion to dismiss. Subject to and without waiving the foregoing objections, Classified will provide a 30(b)(6) witness to testify regarding this deposition category.

    ASHBY & GEDDES

    */s/ Tiffany Geyer Lydon*

    _____
    Steven J. Balick (I.D. #2114)
    John G. Day (I.D. #2403)
    Tiffany Geyer Lydon (I.D. #3950)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, DE 19899
    302-654-1888

    *Attorneys for Defendant*
    *Classified Information, Inc.*

Dated: December 18, 2007
186668.1