IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **INOVIS USA, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-459-GMS |
| | ) | |
| **CLASSIFIED INFORMATION, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CLASSIFIED'S ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO STAY ALL PROCEEDINGS**

OF COUNSEL:

Michael A. Lee
Stephen F. Schlather
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
(713) 651-9366

M. Duncan Grant (Del. Bar No. 2994)
Pepper Hamilton LLP
1313 North Market Street, Suite 5100
Wilmington, DE 19899-1709
(302) 777-6500

DATED: May 15, 2008

Attorneys for Defendant Classified
Information, Inc.

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF THE ARGUMENT ................................................................................... 2

III. STATEMENT OF FACTS .................................................................................................. 3

IV. ARGUMENT ....................................................................................................................... 4

V. CONCLUSION .................................................................................................................... 8

CERTIFICATE OF SERVICE ...................................................................................................... 9

# TABLE OF AUTHORITIES

Page

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 06-514 GMS, 2007 U.S. Dist. LEXIS 73198 (D. Del. Sept. 30, 2007)..................................................................................5

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

<u>Inovis filed this declaratory judgment suit</u> seeking to invalidate Classified's '669 Patent. This case has been on file for nine months and is set to go to trial on March 23, 2009. After attempting for several months to reach a settlement and making no significant progress, Classified retained its current counsel to move forward and get its case ready for trial. Only after Inovis realized it faced a very real possibility of this case going to trial did it begin its machinations to have the case stayed.

The parties have conducted a significant amount of discovery related to jurisdictional issues as well as substantive, factual issues. In fact, Inovis has served seven interrogatories[1] and one hundred four requests for production on Classified. Classified has spent significant time and resources responding to these discovery requests. In addition, Classified has served discovery requests on Inovis and is still awaiting a response.

On May 14, 2008, the parties mediated with Judge Stark but were unable to reach any agreement.

This is Classified's answering brief in opposition to Inovis' motion to stay the proceedings pending the determination of its request for reexamination of the patent (D.I. 64).

---

[1] While Inovis has served only seven numbered interrogatories, at least some of these interrogatories contain multiple parts which likely each constitute separate interrogatories. Classified does not concede that Inovis has served only seven interrogatories and reserves the right to object to additional interrogatories should the total number exceed that set forth by the Court or the Federal Rules.

## II.     SUMMARY OF THE ARGUMENT

Inovis filed this case seeking to invalidate Classified's patent.  Now, nine months after seeking a declaratory judgment, Inovis no longer wants to be involved in this lawsuit and seeks to have the proceedings stayed.  Even more remarkably, Inovis wants to stay this case <u>before</u> the Patent and Trademark Office ("PTO") has even determined whether to grant Inovis' request for reexamination of the patent.  Inovis has cited no cases in which a court has granted a stay based solely on the filing of a request for reexamination.  Yet that is precisely what Inovis now asks this Court to do.  Its request is premature and, at this stage of the action, without foundation.

Inovis makes the unsupported claim that it has "recently discovered prior art" that now forms the basis for its reexamination request.  Inovis' Opening Brief at 2.  However, Inovis fails to indicate when it came into possession of this alleged prior art.  Nor does Inovis identify how it became aware of this alleged prior art.  Nonetheless, at this late date, Inovis now claims it has prior art sufficient to justify the grant of its reexamination request.

Despite Inovis' unsupported allegations to the contrary, the likelihood that the PTO will invalidate all of the claims of Classified's patent is very low.

The parties have already begun an extensive amount of discovery in this case, but the responses have principally been by Classified.  Since Inovis is already in possession of much of Classified's discovery, this disparity would result in a significant and unnecessary hardship for Classified.

**III.     STATEMENT OF FACTS**

The facts here are simple.  Inovis sued Classified and, upon learning that Classified was not going to settle the case for virtually nothing, Inovis decided that it no longer wanted to pursue its lawsuit.  Based on some allegedly new prior art references, Inovis now seeks to have the PTO reexamine Classified's patent.  Although the PTO has not yet responded to the request for reexamination, Inovis seeks to stop this action in its tracks.

This case is set for trial in less than a year and discovery is ongoing.  The close of fact discovery is quickly approaching, as is the date set for opening expert reports.  In short, this is a critical time in this case and even a slight delay would have significant consequences for both parties and the Court.

## IV. ARGUMENT

Inovis, which is the plaintiff, asks the Court to stay this case <u>prior</u> to any decision from the PTO on whether to grant a reexamination of the patent. Nothing in the case law cited by Inovis suggests that a stay <u>prior to the grant</u> of a reexamination request is proper. For this reason alone, Inovis' motion should be denied. Quite simply, <u>Inovis' motion is premature</u>.

To be clear at the outset, Inovis filed this suit asking the Court to render a declaratory judgment of non-infringement and invalidity of Classified's '669 Patent. Classified did not initiate this suit. Despite dragging Classified into court on at least two separate occasions,[2] Inovis has now decided that it no longer wants to move this case forward. Rather, it now seeks to have the PTO do what it initially asked this Court to do – invalidate Classified's Patent. The Court should not allow Inovis to eat its cake and have it, too.

Inovis claims to have discovered only recently the alleged prior art references described in its reexamination request. Inovis Opening Brief at 2. However, nowhere in its briefing does Inovis explain exactly when or how it came into possession of this alleged prior art. Clearly, Inovis has been aware of the Classified's patent for well over a year. Only now, when faced with having to respond to Classified's discovery requests, does it turn up alleged prior art that it claims justifies a reexamination of the '669 Patent.

Turning to the factors this Court uses to determine if a stay is warranted – prejudice or tactical disadvantage, simplification of the issues, and whether a trial date has been set – all of the factors favor Classified, since there has been no determination by the PTO on Inovis'

---

[2] Inovis initially filed an action against Classified in Georgia, but later voluntarily dismissed that case and filed the present case.

4

reexamination request. *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 06-514 GMS, 2007 U.S. Dist. LEXIS 73198, at *13 (D. Del. Sept. 30, 2007).

Classified would be prejudiced if this case were stayed <u>prior to the PTO's decision</u> on Inovis' request for reexamination. Inovis would completely avoid its discovery obligations for up to six additional weeks while the PTO evaluates Inovis' request for reexamination. During this time, Classified would be wholly unable to examine Inovis' infringing source code and product documentation which, in essence, would drastically delay Classified's preparation and development its case. Staying the case now would also prevent Classified's experts from analyzing Inovis' infringement and damages materials. A stay would also unfairly allow Inovis to continue to delay in providing the details of its invalidity and unenforceability defenses – including the identification of all prior art upon which it intends to rely. All of that would put Classified at a distinct tactical disadvantage in determining what additional discovery may be required from Inovis, such as the depositions of key Inovis' personnel or discovery required from third parties.

Moreover, with respect to discovery that has already occurred, Classified has responded to Inovis' numerous discovery requests and continues to update and supplement its responses to Inovis' interrogatories as the case progresses. Classified has served discovery requests on Inovis which go the heart of this case – infringement, damages, and the prior art that Inovis believes invalidates Classified's patent – but Inovis has not yet responded. Further, Inovis has already deposed Classified's president, Christian Putnam. Classified has not had an opportunity to take any depositions of Inovis' employees, due in large part to the fact that it has yet to receive any discovery from Inovis. Granting a stay at this stage of the proceedings would give Inovis a

5

significant tactical advantage, in that Classified would effectively be denied any discovery from Inovis at a time when Inovis has received discovery responses from Classified.

Further, the alleged cost savings for either party here are illusory. Even assuming that the PTO granted Inovis' request, which one cannot know at this point, the likelihood that all of the claims of the '669 Patent will be rejected is small. In fact, according to the PTO's statistics (the same statistics cited by Inovis in its Opening Brief), the likelihood that at least some claims of the '669 Patent will be declared valid is 90% and the likelihood that all the claims will be declared valid is 26%. These additional facts certainly shed a dramatically different light on the effect that Inovis' reexamination request may have on this case. Even if the PTO granted the reexamination request, Inovis can only speculate about the outcome of such a reexamination. In fact, the material cited by Inovis in its reexamination request appears to simply be cumulative of the extensive amount of material submitted by the inventors during the initial prosecution of the '669 Patent. As shown by the PTO's own records, there is a substantial likelihood the claims of the '669 Patent will emerge from the reexamination (if one is granted) unchanged. Therefore, rather than a true cost savings, the issue comes down to one of cost deferral. This should not provide a basis for staying this case.

Particularly in view of Inovis' timing here, this factor weighs in favor of the denial of Inovis' motion.

Staying this case <u>prior to the grant of reexamination</u> will not simplify the issues in this case. In essence, the case would be held in limbo at a time when no one knows what the PTO might do. Both parties would end up losing valuable time in the event the PTO ultimately denied Inovis' request.

6

Further, a stay at this point would be based only on the speculation that the PTO will grant reexamination. All the alleged benefits Inovis points out are only applicable if a reexamination is granted – and only then if the claims are amended or invalidated. Neither of these outcomes can be predicted with any certainty.

Inovis has not cited any case law supporting its assertion that a "pre-reexamination" stay is in any way proper. For these reasons, this factor favors denying Inovis' motion.

A stay would also jeopardize the March 2009 trial date, which was set in January 2008 (D.I. 25, tied to unnumbered 1/15/08 docket entry). Granting a stay prior to the PTO's decision to grant or deny the reexamination request could jeopardize this date or, at a minimum, result in significant difficulties for the parties. A stay could result in over a month of lost time if the PTO denies Inovis' request. Trial is only 10 months away and the close of discovery is little more than two months. Losing a month of that time now would be prejudicial to both parties, because it is unlikely that the parties could complete discovery by the current deadline if the case were stayed prior to the PTO granting reexamination. In other words, a premature stay would likely create much greater problems that it would solve. Clearly, this factor favors a denial of Inovis' motion.

## V.   CONCLUSION

For the reasons set forth above, Classified respectfully requests that Inovis' motion to stay be denied.

                Respectfully submitted,

OF COUNSEL:

| | |
|---|---|
| Michael A. Lee | /s/ M. Duncan Grant |
| Stephen F. Schlather | M. Duncan Grant (Del. Bar No. 2994) |
| SUSMAN GODFREY L.L.P. | Pepper Hamilton LLP |
| 1000 Louisiana, Suite 5100 | 1313 North Market Street, Suite 5100 |
| Houston, Texas  77002 | Wilmington, DE  19899-1709 |
| (713) 651-9366 | (302) 777-6500 |

Dated:  May 15, 2008

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, the foregoing Answering Brief in Opposition to Plaintiff's Motion to Stay All Proceedings was electronically filed using CM / ECF, which will send electronic notification of such filing to:

Jack B. Blumenfeld, Esq.
Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

In addition, service was made upon the following person by email:

David J. Wolfsohn, Esq.
Woodcock & Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104

/s/ M. Duncan Grant
M. Duncan Grant (Del Bar No. 2994)