IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INOVIS USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-459 (GMS) |
| | ) | |
| CLASSIFIED INFORMATION, INC. and | ) | |
| DISTANCE DIGITAL CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF INOVIS USA, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING
DETERMINATION OF ITS FILED REQUEST FOR REEXAMINATION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld, Esquire (#1014)
Julia Heaney, Esquire (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
 *Attorneys for Plaintiff Inovis USA, Inc.*

OF COUNSEL:

David J. Wolfsohn
Erich M. Falke
Jordan L. Jonas
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104
(215) 568-3100

May 27, 2008

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.,*
    C.A. No. 05-590-GMS, 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006) ....................3

## **NATURE AND STAGE OF PROCEEDING**

Since Inovis filed its Motion To Stay All Proceedings Pending Determination Of Its Filed Request For Reexamination (D.I. 65), the PTO has ordered reexamination of the 669 Patent (Ex. D, Application data for 669 Patent from USPTO Patent Application Information Retrieval website, dated May 27, 2008).

## **ARGUMENT**

In opposing Inovis' motion for a stay pending the reexamination of the 669 Patent, Classified argued on May 15 that "even a slight delay" in discovery would have "significant consequences" for Classified. (Classified's Br. at 3, D.I. 69). Yet just a few days letter, Classified requested that the Markman hearing be postponed from its originally scheduled date of June 24 until September 25, that fact discovery be extended from August 8 until November 7, 2008, and that expert discovery be extended from November 21, 2008 until January 9, 2009. (D.I. 25; D.I. 70). Classified's own request for months of more time gives the lie to the notion that Classified could possibly be prejudiced—much less "unduly prejudiced"—by a stay.

Classified also seems to fault Inovis for being scrupulously prompt and candid in, first, notifying Classified of its intent to file for reexam (D.I. 65 at Ex. A) and, second, in quickly moving for a stay within two weeks of having sought reexam. Classified's argument seemed to be that there was a 4 or 5% chance that the reexamination request might not be granted, and the Court should therefore assume that this case fell into that 5% of cases in which reexam is denied, as opposed to the 95% or more of cases in which it is granted. That argument is now moot, however, because the PTO has now granted reexamination. (Ex. D). Importantly, Classified offered no argument why, if reexamination were granted by the PTO (as it now has been), this Court should not enter a stay of this case.

Moreover, Classified's argument that a stay "would also unfairly allow Inovis to continue to delay in providing the details of its invalidity and unenforceability defenses" is specious. (Classified's Br. at 5). The only "delay" in this case has been Classified's. First, Classified delayed filing its counterclaim for patent infringement for almost seven months after Inovis filed its complaint--filing a frivolous motion to dismiss that was belatedly withdrawn. Second, Classified has changed counsel multiple times, which has entailed substantial delays to Inovis. Indeed, despite Classified's misleading self-portrait of a party propelling this case along ("Classified retained its current counsel to move forward and get its case ready for trial," Classified's Br. at 1), Classified's most recent counsel was unable to draft its opening claim construction briefs consistent with the Court's prior scheduling order, thereby necessitating a three-month delay in the Markman hearing and a three-month extension in fact discovery as well.

Similarly, Classified never reconciles its contention that "even a slight delay would have significant consequences for both parties and the Court" (Classified's Br. at 3), with the fact that it delayed commencement of discovery until nine months after plaintiff filed the complaint and more than two months after Classified filed its patent infringement counterclaim, or the fact that, in the ten months since this case was filed, none of Classified's various counsel have taken a single deposition or issued a single third-party subpoena. Given Classified's own dilatory conduct in commencing discovery and its numerous requests for continuances,[1] the

---

[1]    Classified argues disingenuously that it "has not had an opportunity to take any depositions of Inovis' employees, due in large part to the fact that it has yet to receive any discovery from Inovis." (Classified's Br. at 5). But nothing has prevented Classified from taking depositions, and if it wanted to receive Inovis' document responses earlier, it should have served them earlier. Instead, Classified failed to serve any document requests until April 24 (D.I. 63), making the responses not due until May 30. If Classified really cared about "a month of lost time" (Classified's Br. at 7), it would not have delayed serving document requests for nine months after this case was filed and nine weeks after it had filed its infringement counterclaim.

notion that a stay could somehow prejudice it—much less unduly prejudice it—is preposterous. Indeed, at the same time that Classified is telling this Court that it is "get[ting] its case ready for trial," Classified is refusing to provide Inovis with proper infringement contentions on the theory that "[d]iscovery in this matter is still at an early stage." (Ex. E, Classified Information's Supplemental Answer to Inovis' First Set of Interrogatories at 1).

At the end of the day, Classified does not, and cannot, dispute the large body of case law that teaches that, where a reexamination request has been granted, a stay is usually appropriate unless it is requested just before trial. Indeed, in the one case cited by Classified, *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 05-590-GMS, 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006), this Court ruled that a stay should be granted, despite the fact that the plaintiff had filed a claim for patent infringement a year before the Court's ruling, and fact discovery was set to close in five months. Here, Classified's claim for patent infringement was only filed three months ago, and there are over seven months left in fact discovery. As even Classified concedes, the likelihood that the PTO will declare invalid one or more claims of the 669 Patent is 74%. (Classified's Br. at 6). Under such circumstances, for all the reasons set forth in this Court's decision in *Abbott* and other cases, it makes great sense to await the PTO's determination on the significance of the prior art that was never previously considered by the examiner. Conversely, there is no sense in proceeding willy nilly with discovery, briefing, hearings, and a trial on the counterfactual assumption that the PTO will not gut, if not completely invalidate, the 669 Patent during reexamination.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff Inovis USA, Inc.*

OF COUNSEL:

David J. Wolfsohn
Erich M. Falke
Jordan L. Jonas
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

May 27, 2008
2342017

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

M. Duncan Grant
PEPPER HAMILTON LLP

and that copies were caused to be served upon the following individuals in the manner indicated:

## BY ELECTRONIC MAIL

M. Duncan Grant
PEPPER HAMILTON LLP
1313 N. Market Street, Suite 1500
P.O. Box 1709
Wilmington, DE 19899-1709

Michael A. Lee
Vineet Bhatia
Stephen F. Schlather
SUSMAN GODFREY LLP
1000 Louisiana, Suit 5100
Houston, TX 77002-5096

*/s/ Julia Heaney*

_____

Julia Heaney (#3052)
jheaney@mnat.com

EXHIBIT D

# United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

| Portal Home | Patents | Trademarks | Other | Sign-Off Authenticated Session |
| --- | --- | --- | --- | --- |

**Patent eBusiness**

- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

**Patent Information**

- Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

**Patent Searches**

- Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

**Other**

- Copyrights
- Trademarks
- Policy & Law Reports

**Patent Application Information Retrieval**

🔵 Order Certified Application As Filed  Order Certified File Wrapper  🔍 View Order List

Method and System for Providing Secure EDI Over An Open Network

| 90/010,141 | Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent |
| --- | --- | --- | --- | --- | --- | --- |

## Bibliographic Data

| | |
| --- | --- |
| Application Number: | 90/010,141 |
| Filing or 371 (c) Date: | 04-14-2008 |
| Application Type: | Re-Examination |
| Examiner Name: | KHATRI, ANIL |
| Group Art Unit: | 3992 |
| Confirmation Number: | 1238 |
| Attorney Docket Number: | INOV-0005 |
| Class / Subclass: | 713/001 |
| First Named Inventor: | 5,812,669 , , |
| | |
| Customer Number: | - |
| Status: | Determination - Reexamination Ordered |
| Status Date: | 05-27-2008 |
| Location: ℹ | ELECTRONIC |
| Location Date: | - |
| Earliest Publication No: | - |
| Earliest Publication Date: | - |
| Patent Number: | - |
| Issue Date of Patent: | - |

Title of Invention: Method and System for Providing Secure EDI Over An Open Network

*If you need help:*

- Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).
- Send general questions about USPTO programs to the USPTO Contact Center (UCC).
- If you experience technical difficulties or problems with this application, please report them via e-mail to

Page 2 of 2

United States Patent & Trademark Office

*Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Home | Site Index | Search | eBusiness | Help | Privacy Policy

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INOVIS USA, INC. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No. 07-459-GMS |
| | § | |
| | § | |
| CLASSIFIED INFORMATION, INC., | § | |
| Defendant. | § | |

## CLASSIFIED INFORMATION, INC.'S SUPPLEMENTAL ANSWER TO PLAINTIFF INOVIS USA, INC.'S FIRST SET OF INTERROGATORIES

To:    Plaintiff Inovis USA, Inc., by and through its attorney of record, Jack B. Blumenfeld, Julia Heaney, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Classified provides this first supplement to its answers to Defendants' First Set of Interrogatories to Plaintiff.

Discovery in this matter is still at an early stage.  Inovis has not yet produced the documents and things requested by Classified and has not yet answered Classified's Second Set of Interrogatories.  No oral depositions have taken place.  These supplemental responses are therefore preliminary, and Classified reserves the right to amend and/or supplement any of the matters contained herein.

Classified hereby repeats and incorporates by reference its prior answers, including all objections, to Plaintiff Inovis USA, Inc.'s First Set of Interrogatories.

## SUPPLEMENTAL ANSWERS TO SPECIFIC INTERROGATORIES

### Interrogatory No. 1:

Separately, with respect to each asserted claim of the 669 patent, identify each Inovis product(s) Classified contends infringes any one or more claims of the 669 patent and describe in a chart specifically where each claim limitation of each claim is found within each accused

816661v1/010387

product, including for each limitation that Classified contends is governed by 35 U.S.C. § 112

¶6, the identify of the structure(s), act(s), or material(s) in the accused product(s) that performs

the claimed function and also state whether each claim limitation is allegedly satisfied literally or

under the doctrine of equivalents (for all limitations that Classified contends are present in the

accused product(s) under the doctrine of equivalents, provide all reasons why Classified

contends the differences between the claim limitation and the allegedly infringing product are

insubstantial).

**Answer:**

  Classified incorporates here the general objections set forth in its original answers to

Plaintiff's First Set of Interrogatories.  Classified objects to this interrogatory as premature since

Inovis has yet to provide any discovery related to any of its infringing products.  Classified

objects to this interrogatory as compound.

  Subject to and without waiving the foregoing objections, Classified identifies Inovis'

BizManager product and any other products incorporating and/or in compliance with the AS2

standard as infringing one or more claims of the '669 patent.  Classified asserts that Inovis

infringes at least the following claims of the '669 Patent:

Claim 3, Claim 13, Claim 21,Claim 22,Claim 29, Claim 30, Claim 35, Claim 36, Claim 37,

Claim 38, Claim 39, Claim 40, Claim 42, Claim 43, Claim 45, Claim 46, Claim 48.

  Classified reserves the right to supplement its answer following discovery.

Dated:  May 6, 2008.

2

Doc #834035/010387

PEPPER HAMILTON, L.L.P.

/s/ M. Duncan Grant

M. Duncan Grant (Del. Bar No. 2994)
1313 North Market Street, Suite 5100
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

*Attorneys for Defendant/Counter-Plaintiff
Classified Information, Inc.*

OF COUNSEL:

Michael A. Lee
Stephen F. Schlather
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

3

## CERTIFICATE OF SERVICE

I hereby certify that on the **6th** day of **May, 2008**, Classified Information, Inc.'s Answers to Plaintiff Inovis USA, Inc.'s First Set of Interrogatories were served upon the below-named counsel of record at the addresses and in the manner indicated:

Jack B. Blumenfeld, Esq.                    *Via E-Mail*
Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

David J. Wolfsohn, Esq.                     *Via E- Mail*
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104

*/s/ M. Duncan Grant*
_____
M. Duncan Grant

4