# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JULIA HEANEY
302 351 9221
302 425 3004 FAX
jheaney@mnat.com

May 30, 2008

**BY E-FILING**

The Honorable Gregory M. Sleet
United States District Court Judge
United States District Court for the District of
    Delaware
844 N. King Street
Wilmington, DE  19801

> Re:  *Inovis USA, Inc. v. Classified Information, Inc.*
>      C.A. No. 07-459 (GMS)

Dear Chief Judge Sleet:

Pursuant to Local Rule 7.1.4, plaintiff Inovis USA, Inc. ("Inovis") requests oral argument on its Motion To Stay Pending Reexamination (D.I. 64).

Since filing its reply brief (D.I. 71), Inovis has received the Order Granting Request for Reexamination from the USPTO, which found a substantial new question of patentability of the patent-in-suit based on prior art that was not at issue in the original examination.  A copy of that Order is enclosed.

Respectfully,

Julia Heaney

Julia Heaney

Encl.

cc:  Dr. Peter Dalleo, Clerk (by hand delivery)
     M. Duncan Grant (by e-mail)

2347042

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/010,141 | 04/14/2008 | 5,812,669 | INOV-0005 | 1238 |

| 7590 | 05/27/2008 |
|---|---|

PERKINS & MITTNER, LLP
750 B STREET
SUITE 2800
SAN DIEGO, CA  92101

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 05/27/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

WOODCOCK WASHBURN LLP
CIRA CENTRE, 12th FLOOR
2929 ARCH STREET
PHILDELPHIA, PA 19104-2891

MAILED

MAY 27 2008

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/010,141*.

PATENT NO. *5,812,669*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/010,141 | 5,812,669 | |
| | Examiner | Art Unit | |
| | Anil Khatri | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>14 April 2008</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,     b)☒ PTO/SB/08,     c)☒ Other: <u>*PTO-1449*</u>

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20080505

Application/Control Number: 90/010,141                                    Page 2

Art Unit: 3992

### *Reexamination*

### *Decision on Request for Reexamination*

A substantial new question of patentability affecting claims 1-50 of United States

Patent Number 5,812,669 issued to *Jenkins et al* is raised by the request for *ex parte*

reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

The request indicates that Requester considers that Claims 1 - 50 are

unpatentable over RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC. The request

further indicates that Requester considers that claims 1-50 are unpatentable over RSA

security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC with combined references. It is

agreed that the consideration of RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC

raises a substantial new question of patentability as to Claims 1 - 50 of the Jenkins et al

patent. As pointed out on pages 2 - 3 of the request, RSA security, Sudia, Byte, UNI 1,

UN 2, UN3 and RFC teaches EDI links, digital signature and public/private key schemes

and system for securely using digital signature in a commercial cryptographic system

that allows industry wide security policy and authorization information of Claims 1 – 50

which reduces risk to the user. The teaching of MD5 and steps of digitally signing

associated EDI acknowledgment message was not present in the prosecution of the

application which became the Jenkins et al patent. Further, there is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not the claims are patentable. Accordingly, RSA security, Sudia, Byte, UNI 1,

UN 2, UN3 and RFC raises a substantial new question of patentability as to Claims 1 -

50, which question has not been decided in a previous examination of the Jenkins et al

patent.

### *Prior Art and References that Raises SNQ*

- USPN 5,659,616 issued August 19, 1997, filed July, 16, 1996 as a continuation

   of an application filed July 19, 1994. (*Sudia*),


- United Nations TRADE/WF.4/R.1026/Add.2; "EDIFACT SECURITY

   IMPLEMENTATION GUIDELINES" (Feb. 22, 1994) (UN 1)


- United Nations TRADE/WF.4/R.1026/Add.3 "AUTACK: SECURE

   AUTHENTIFICATION AND ACKNOWLEDGEMENT MESSAGE" (Feb. 23, 1994)

   (UN 2)


- United Nations TRADE/WF.4/R.1026/Add.4 (Feb. 22, 1994) "MIG HANDBOOK

   UN/EDIFACT MESSAGE AUTACK" (UN 3)

- RFC 1505, "Encoding Header Field for Internet Messages," August 1993 (RFC),

  available at

- http://rfc.dotsrc.org/rfc/rfc 1505.html

- BYTE, July 1994, "Pretty Good Privacy," available at

  http://www.byte.com/art/9407/sec12/art4.htm

The above reference was not of record in the prosecution history of the USPN

5,659,616 patent and is not cumulative to the art of record in the original file.

## *Prosecution History*

On 6/20/1997 a first office action was issued indicating claims 1-50 are rejected

under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly

point out and distinctly claim the subject matter which applicant regards as the

invention. On lines 1-12 of independent claim 1, the preamble never clearly and

definitely states what is being claimed. The preamble of claim 1 starts off in a

communication system ...," but never states what is being claimed other than stating

that the claimed apparatus is an "improvement" (line 11 of claim 1). Please see 37 CFR

1.75(e) herein below with respect to drafting a claim for an improvement. None of the

structure recited in the preamble of claim 1 is clearly and definitely claimed.

Application/Control Number: 90/010,141                                    Page 5
Art Unit: 3992

After numbers of amendments were submitted in this case, on 3/12/1998 *Ex Parte Quayle* 1935, CD 11; 453, O.G. 213 action was issued and examiner's amendment for notice of allowance issued on 3/26/1998.

In notice of allowance examiner indicated the following is an examiner's statement of reasons for allowance: None of the prior art either taken alone or taken in any possible combination would anticipate or would tend to render obvious Applicants' claimed "improvement" in a "secure open network communication system" as set forth in independent claim 1 that is particularly characterized at least by the claimed "means for digitally signing ... comprising ... private key" and "means associated ... of EDI communications" taken together and taken in the overall context of independent claim 1. None of the prior art either taken alone: or taken in any possible combination would anticipate or would tend to render obvious Applicants' claimed "method for selectively interconnecting ..." as set forth in independent claim 35 that is particularly characterized at least by the method steps of digitally signing associated EDI acknowledgment message ..." and "processing received digitally signed EDI acknowledgment message ... comprising the step of... associated EDI acknowledgment message" taken together and taken in the overall context of independent claim 35. Dependent claims 2-34 and 36-50 are allowable for at least the reasons for which their corresponding base claims are allowable.

Application/Control Number: 90/010,141                                    Page 6
Art Unit: 3992

### *Substantial New Question of Patentability*

The requester suggests that the following combination of references provide elements,

which are allegedly equivalent to the limitations, or elements of claims 1-50 of the USPN

5,812,669 issued to *Jenkins et al.*

I. RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC combined references with an

argument suggesting obviousness as to claim 1.

II. RSA security, Sudia, Byte, UNI 1, UN 2, UN3, and RFC combined references with an

argument suggesting obviousness as to claim 2.

III. Sudia and Byte combined references with an argument suggesting obviousness as

to claim 3.

IV. UN2, UN3 and RSA combined references with an argument suggesting obviousness

as to claim 4.

V. UN2 and UN3 combined references with an argument suggesting obviousness as to

claim 5.

VI. UN2 and UN3 combined references with an argument suggesting obviousness as to

claims 6 and 12.

VII. UN2 and UN3 combined references with an argument suggesting obviousness as to

claim 14.

VIII. UN2 and UN3 combined references with an argument suggesting obviousness as

to claims 16 and 17.

IX. USPN 5,659,616 as single reference with an argument suggesting obviousness as

to claims 7-11, 13, 15, 18-30 and 32-34.

X. UN1 reference with an argument suggesting obviousness as to claim 31.

XI. RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC combined references with an

argument suggesting obviousness as to claims 35-50.


***Details for the specific combination are explained below:***

I. In claim chart representation requester enumerates that all limitations of claim 1 of the

*Jenkins et al* patent and alleges corresponding elements includes Jepson type format

and admitted prior art. *In re Fout*, 675 F.2d 297, 301 (CCPA 1982); 37 CFR 1.75 (e).

Patentees admitting that using RSA public/private key encryption for providing secure

messages over the internet and AUTACK/EDI, hashing scheme  and encrypt/decrypt

was known and described by RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC

references.

The requester alleges that the limitations **for a public key/private key secure**

**communication system for selectively interconnecting a plurality of computers**

**over an open public network, recipient computers exchanging secure digital**

**messages there between, sender computer having a first associated public key**

**and a first associated private key, recipient computer having a second**

**associated public key and a second associated private key, digital messages**

**comprising an EDI interchange communication between sender computer and**

**recipient computer, EDI interchange communication having an associated EDI**

**acknowledgment message; means for computing a second hash of associated**

**EDI acknowledgment message** (admitted by the applicant as prior art column 1, lines

Application/Control Number: 90/010,141                                    Page 8
Art Unit: 3992

13-23 and column 4, lines 48-56 and Sudia describe various schemes for encrypting

electronic documents including using symmetric encryption (fig 1 a. and asymmetric

encryption Fig. 1 b and hashes with public and private key Fig 2 and UN1,page 8

describes using security scheme applied to the message including integrity INT and

non repudiation of origin and also EDI interchange message is encrypted to assure

integrity using hash on page 33-34 describing hashing function and asymmetric

algorithm). To support this alleged equivalency the requester also states Sudia

describes on column 2, lines 47-64).


    The requester also alleges that the limitations means **for digitally signing**

**associated EDI acknowledgment message, message digitally signing means**

**comprising means for encrypting second hash with sender computer's private**

**key; means for inserting second hash in a predetermined location in associated**

**EDI acknowledgment message (Sudia describe various schemes for encrypting**

**electronic documents including using symmetric encryption** (fig 1 a. and

asymmetric encryption Fig. 1 b and hashes with public and private key Fig 2 and

UN1,page 8 describes using security scheme applied to the message including

integrity INT and non repudiation of origin and also EDI interchange message is

encrypted to assure integrity using hash on page 33-34 describing hashing function

and asymmetric algorithm). To support this alleged equivalency the requester also

states Sudia describes on column 2, lines 47-64).

Application/Control Number: 90/010,141                                    Page 9
Art Unit: 3992

The requester alleges that the limitations **means for transmitting EDI interchange communication along with digitally signed associated EDI acknowledgment message to recipient computer over open public network** (UN1,page 8 describes using security scheme applied to the message including integrity INT and non repudiation of origin and also EDI interchange message is encrypted to assure integrity using hash on page 33-34 describing hashing function and asymmetric algorithm, UN2 page 4 and UN page 3, and UN2 page 6 in discussing segment group 1 USH-USA SG2 states a group segments providing all security information necessary for integrity, authentication and non repudiation of all receipt of all entities referenced in AUTACK message and AUTACK message itself).

The requester alleges that the limitations **means associated with recipient computer for receiving and processing received EDI interchange communication and said digitally signed EDI acknowledgment message for providing authentication and non-repudiation of EDI interchange communication from sender computer, means comprising means for decrypting encrypted second hash with sender computer's public key; whereby secure private EDI interchange communications can occur over open public network while providing authentication and non-repudiation of EDI communications** (admitted prior art, UN 1pages 39-43, example 2 and UN2 page 4 and UN 3 page 5, use of AUTAK by sender provides for validation of integrity of content and non repudiation or origin).

Application/Control Number: 90/010,141                                    Page 10
Art Unit: 3992

II. In claim chart representation requester enumerates that all limitations of claim 2 of

the *Jenkins et al* patent and alleges corresponding elements includes patentees

admitting that using computing MD5, RSA public/private key encryption for providing

secure messages over the internet and AUTACK/EDI, hashing scheme  and

encrypt/decrypt was known and described by RSA security, Sudia, Byte, UNI 1, UN 2

and UN3.

     The requester alleges that the limitations associated with recipient **computer**

**further comprises means for computing a third hash of received EDI**

**acknowledgement message;  and means for comparing third hash with**

**decrypted second hash from received EDI acknowledgement message,**

**comparing means comprising means for providing an indication of integrity of**

**EDI acknowledgement message and non-repudiation of origin when decrypted**

**second hash and third hash match** (UN 1 pages 33-34 describes the conjoint use of

hash algorithm and RSA to secure EDI message as also explained by BYTE this

means that a hash values based upon the received message will be calculated and

compared with decrypted has value). To support requesters argument requesters

depicted that how Sudia used hash scheme and encryption system in Fig. 2.

III. In claim chart representation requester enumerates that all limitations of claim 3 of

the *Jenkins et al* patent and alleges corresponding elements contained in the Sudia and

Byte combined references. The requester alleges that the limitations **recipient**

**computer further comprises means for computing a fourth hash of received EDI**

**interchange communication;  and means for comparing fourth hash of received**

**EDI interchange communication with first hash in received EDI acknowledgement**

**message, comparing means comprising means for providing an indication of**

**integrity and verification of authenticity of EDI interchange communication and**

**non-repudiation of origin when first and fourth hash match** (UN 1-3 teaches when

EDI message is encrypted by using hash value first hash, a fourth hash will need to

calculated to compare with decrypt first hash to verify the content and provide non

repudiation of origin of the EDI message). Further, requester support his/her arguments

that BYTE and Sudia further describes PGP includes calculating a hash based upon the

received message and comparing it with decrypt hash and Sudia comparing hashes in

fig 2).


IV. In claim chart representation requester enumerates that all limitations of claim 4 of

the *Jenkins et al* patent and alleges corresponding elements contained in the UN2,

UN3 and RSA combined references.


The requester alleges that the limitations means **for creating a reply EDI**

**acknowledgement message and transmitting said reply EDI acknowledgement**

**message to sender computer over open public network, reply EDI**

**acknowledgement message creating means comprising means for computing a**

**fifth hash of reply EDI acknowledgement message and for digitally signing fifth
hash by encrypting fifth hash with said recipient computer's private key; and
means for inserting digitally signed fifth hash into a predetermined location in
transmitted reply EDI acknowledgement message** (UN documents, AUTACK is
used as acknowledgement message of receipt of previously received message see
UN2 page 4 and UN3 page 5 and Sedia suggest the alleged equivalents with figure 2).

V. In claim chart representation requester enumerates that all limitations of claim 5 of
the *Jenkins et al* patent and alleges corresponding elements contained in the UN2 and
UN3 combined references.

The requester alleges that the limitations **associated with sender computer for
receiving transmitted reply EDI acknowledgement message, and for decrypting
encrypted fifth hash with recipient computer's public key for verifying digital
signature of reply EDI acknowledgement message; and means for computing a
sixth hash of received reply EDI acknowledgement message; and means for
comparing sixth hash against decrypted fifth hash, comparing means
comprising means for providing an indication of integrity of received reply EDI
acknowledgement message and non-repudiation of origin of reply EDI
acknowledgement message; whereby non-repudiation of receipt of EDI
interchange communication is established by sender computer** (UN 2, page 4 and
UN 3 page 5 states that a secure AUTACK sent from the recipient to the sender is non

Application/Control Number: 90/010,141                                    Page 13
Art Unit: 3992

repudiation of receipt and BYTE PGP includes calculating a hash based upon received

message and comparing with decrypted hash and also supports alleged equivalency

with Sudia figure 2.

VI. In claim chart representation requester enumerates that all limitations of claims 6

and 12 of the *Jenkins et al* patent and alleges corresponding elements contained in the

UN2 and UN3 combined references.

The requester alleges that the limitations means for **creating reply EDI**

**acknowledgement message further comprises means for inserting fourth hash in**

**a predetermined location in transmitted reply EDI acknowledgement message,**

**and means associated with sender computer further comprises means for**

**comparing fourth hash in received reply EDI acknowledgement message with**

**first hash, comparing means providing an indication of integrity and authenticity**

**of EDI interchange when first and fourth hash match** (UN 3,page 5 state that a

secure AUTACK sent from the recipient to the sender is validation of integrity of

content and BYTE PGPincludes calculating a hash based upon received message and

comparing with decrypted hash and also supports alleged equivalency with Sudia

figure 2. Further, to support this alleged equivalency UN documents suggests results of

crypto logic mechanism applied to content of original message are part of the body of

AUTACK UN2 page 4 e. security header USH, UN1, page 6 and UN 3 page 11 for

security header segment.


VII. In claim chart representation requester enumerates that all limitations of claim14 of

the *Jenkins et al* patent and alleges corresponding elements contained in the UN2 and

UN3 combined references.


The requester alleges that the limitations **means associated with recipient**

**computer further comprises means for creating a reply EDI acknowledgement**

**message and transmitting reply EDI acknowledgement message to sender**

**computer over open public network, reply EDI acknowledgement message**

**creating means comprising means for computing a third hash of reply EDI**

**acknowledgement message and for digitally signing third hash by encrypting**

**third hash with recipient computer's private key;  and means for inserting**

**digitally signed third hash into a predetermined location in transmitted reply EDI**

**acknowledgement message** UN2 page 4 and UN 3 page 5 state that a secure

AUTACK sent from the recipient to the sender is validation of integrity of content and

UN 3 page 32 RSA security used in EDI AUTACK, UN 3, page 11, the security header

segment. Also, requester supports alleged equivalency with BYTE PGPincludes

calculating a hash based upon received message and comparing with decrypted hash.

VIII. In claim chart representation requester enumerates that all limitations of claims 16

and 17 of the *Jenkins et al* patent and alleges corresponding elements contained in the

UN2 and UN3 combined references.


The requester alleges that the limitations **means associated with sender**

**computer for receiving transmitted reply EDI acknowledgement message, and**

**for decrypting encrypted third hash with said recipient computer's public key for**

**verifying said digital signature of reply EDI acknowledgement message; and**

**means for computing a fourth hash of received reply EDI acknowledgement**

**message; and means for comparing fourth hash against decrypted third hash,**

**comparing means comprising means for providing an indication of integrity of**

**received reply EDI acknowledgement message and non-repudiation of origin of**

**reply EDI acknowledgement message; whereby non-repudiation of receipt of**

**said EDI interchange communication is established by sender computer** (UN 2,

page 4 and UN 3, page 5 state that a secure AUTACK sent from the recipient to the

sender is non repudiation and supports alleged equivalency with BYTE and Sudia,

BYTE PGPincludes calculating a hash based upon received message and comparing

with decrypted hash and figure 2, respectively.

IX. In claim chart representation requester enumerates that all limitations of claims 7-11,

13, 15, 18-30 and 32-34 of the *Jenkins et al* patent and alleges corresponding elements

contained in the USPN 5,659,616, admitted prior art, UN documents and BYTE.


   The requester alleges that the limitations **EDI acknowledgement message**

**comprises an AUTACK message. The requester allegedly equates with prior art**

**AUTACK is known EDI acknowledgement message** (column 5, lines 18-20) and

further supports equivalency with UN documents, BYTE PGP using RSA type security

and Sudia illustrating RSA type security as well.


X. In claim chart representation requester enumerates that all limitation of claim 31 of

the *Jenkins et al* patent and alleges corresponding elements contained in the UN1

reference.


   The requester alleges that the limitations **EDI acknowledgement message**

**comprises an AUTACK message**. The requester support alleged equivalency with

UN 1, page 31.


XI. In claim chart representation requester enumerates that all limitation of claim 35 of

the *Jenkins et al* patent and alleges corresponding elements contained in the RSA

security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC combined references.

The requester alleges that the limitations are similar to claim 1 and alleged equivalency applied as in claim 1.

XII. In claim chart representation requester enumerates that all limitation of claims 37, 38 and 48 of the *Jenkins et al* patent and alleges corresponding elements contained in the Byte, UNI 1, UN 2, UN3 and RFC combined references.

The requester alleges that the limitations **are verifying dependencies are directed to the use of a digitally signed AUTACK as acknowledgment of receipt to provide non-repudiation of receipt of the EDI interchange communication. These steps directly taught or suggested by the normal use of secure AUTACK as an acknowledgement message…sent by the recipient of previously received (EDIFACT EDI) message…to facilitate confirmation of receipt, validation of integrity of content, validation of completeness or non repudiation of receipt of these message.** The requester support alleged equivalency with UN 2, page 4 and UN 3, page 5.

XIII. In claim chart representation requester enumerates that all limitation of claims 39 and 43 of the *Jenkins et al* patent and alleges corresponding elements contained in the Byte, UN1, UN 2 UN3, Byte and Sudia combined references.

Application/Control Number: 90/010,141                                    Page 18
Art Unit: 3992

The requester alleges that the limitations processing step further comprises **the step of providing non-repudiation of origin at said recipient computer from said received EDI acknowledgement message**. The requester further alleged equivalency with admitted prior art, UN1 documents example 2, page 3 and pages 39-48, and Suida fig 2.

XIV. In claim chart representation requester enumerates that all limitation of claims 36, 40-42, 44-47, 49 and 50 of the *Jenkins et al* patent and alleges corresponding elements contained in the Byte, UN1, UN 2 UN3, Byte and Sudia combined references.

The requester alleges that the limitations **are directed to the use of AUTACK, the internet and or a RSA type cryptographic communication system**. The requester supports alleged equivalency with admitted prior art EDI on internet, internet email is used for EDI security, UN 2 page 4, UN3, page 5, BYTE PGP security used on internet email and supporting with Sudia figure 2.

### Summary

The use of references over RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC which appears to discuss key elements of limitations of representative claims 1-50 make it likely that reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

References RSA security, Sudia, Byte, UNI 1, UN 2, UN3 and RFC were not previously

discussed by the examiner nor applied to claims in the prior examination of the patent

as described above.

Thus, a reasonable examiner would view the teachings of over RSA security, Sudia,

Byte, UNI 1, UN 2, UN3 and RFC is important in deciding to allow the claim being

considered, thus raising a substantial new question of patentability regarding claims 1-

50 of US patent no. 5,812,669.

## *Conclusion*

### *Amendment in Reexamination Proceedings*

Patent owner is notified that any proposed amendment to the specification and/or

claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be

formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees

required by 37 CFR 1.20(c). See MPEP § 2250(IV) for examples to assist in the

preparation of proper proposed amendments in reexamination proceedings.

### *Submissions*

In order to insure full consideration of any amendments, affidavits or declarations or

other documents as evidence of patentability, such documents must be submitted in

response to the first Office action on the merits. Submissions after the second Office

action on the merits, which is intended to be a final action, will be governed by the

requirements of 37 CFR 1.116, after final rejection and by 37 CFR 41.33 after appeal,

which will be strictly enforced.

### Service of Papers

After filing of a request for ex parte reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on

the other party (or parties where two or more third party requester proceedings are

merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. The

document must reflect service or the document may be refused consideration by the

Office. See 37 CFR 1.550(f).

### Litigation Reminder

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding,

involving US Patent No. 5,812,669 throughout the course of this reexamination

proceeding. The third party requester is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

**All** correspondence relating to this *Ex partes* reexamination proceeding should be

directed:

Application/Control Number: 90/010,141                                    Page 21
Art Unit: 3992

By Mail to:     Mail Stop *Ex Partes* Reexam
                Attn: Central Reexamination Unit
                Commissioner of Patents
                United States Patent & Trademark Office
                P.O. Box 1450
                Alexandria, VA 22313-1450

By FAX to:      (571) 273-9900
                Central Reexamination Unit

By hand:                Customer Service Window
                        Randolph Building
                        401 Dulany St.
                        Alexandria, VA 22314

   Any inquiry concerning this communication or earlier communications from the

examiner, or as to the status of this proceeding, should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.


Signed:     AK                              Conferee(s):

Anil Khatri                                      ESK
                                                 QWP.

Central Reexamination Unit, Primary Examiner
Art Unit 3992
(571) 272-3725



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov



**CONFIRMATION NO. 1238**

Bib Data Sheet

| SERIAL NUMBER 90/010,141 | FILING OR 371(c) DATE 04/14/2008 RULE | CLASS 713 | GROUP ART UNIT 3992 | ATTORNEY DOCKET NO. INOV-0005 |
|---|---|---|---|---|

**APPLICANTS**

5,812,669, Residence Not Provided;
CLASSIFIELD INFORMATION, INC. (OWNER), SAN MARCOS, CA;
WOODCOCK WASHBURN LLP (3RD.PTY.REQ.), PHILADELPHIA, PA;
WOODCOCK WASHBURN LLP, PHILADELPHIA, PA

** CONTINUING DATA **************************
This application is a REX of 08/503,984 07/19/1995 PAT 5,812,669

** FOREIGN APPLICATIONS ********************

| Foreign Priority claimed ☐ yes ☒ no | | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS 50 | INDEPENDENT CLAIMS 1 |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met ☐ yes ☒ no ☐ Met after Allowance | | | | | |
| Verified and Acknowledged ___Examiner's Signature___ ___Initials___ | | | | | |

**ADDRESS**
PERKINS & MITTNER, LLP
750 B STREET
SUITE 2800
SAN DIEGO, CA92101

**TITLE**
Method and System for Providing Secure EDI Over An Open Network

| FILING FEE RECEIVED 2520 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
|  | 90/010,141 | 5,812,669 |
| | Certificate Date | Certificate Number |
| | | |

| Requester | Correspondence Address: | ☐ Patent Owner | ☒ Third Party |
|---|---|---|---|

WOODCOCK WASHBURN LLP
CIRA CENTRE, 12th FLOOR
2929 ARCH STREET
PHILDELPHIA, PA 19104-2891

| LITIGATION REVIEW ☒ | | AK | 5/5/08 |
|---|---|---|---|
| | | (examiner initials) | (date) |
| Case Name | | | Director Initials |
| Inovis USA inc v Classified Information Inc et al 1:07 cv 459 OPEN | | | *Em Heard for ιмм* |
| Invois Inc v Classified Information Inc 1:07 cv 424 CLOSED | | | ↓ |
| | | | |
| | | | |
| | | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| 1. *no concurrent office proceedings* | |
| 2. | |
| 3. | |
| 4. | |

U.S. Patent and Trademark Office

DOC. CODE **RXFILJKT**